**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ESA Management, Inc., et al. | CV 02-0424-PHX-PGR |
| Plaintiffs, vs. | ORDER |
| Tufo Associates, Inc., a California corporation, et al. | |
| Defendants. | |

Pending before the Court are Cella Barr Associates, Inc.'s Application for Attorneys' Fees (Doc. 453) and Brooks Hersey Associates, Inc.'s Application for Attorneys' Fees (Doc. 455).

**I.   INTRODUCTION**

On March 25, 2005, this Court granted summary judgment in favor of both Cella Barr Associates, Inc. ("Cella Barr") and Brooks Hersey Associates, Inc. ("Brooks Hersey") and against the Third-Party Plaintiff Tufo Associates, Inc. ("Tufo"). Shortly thereafter, the prevailing parties each filed an application for attorneys' fees pursuant to A.R.S. §12-341.01 as successful parties to a contract dispute. Cella Barr is seeking an award of attorneys' fees in the amount of $20,850.57 ($20,232.00 in billed time, $68.57 in Westlaw charges, plus $460.00 for the attorney's time spent preparing the fee application and affidavit). Brooks Hershey seeks an award of attorneys' fees in the amount of $19, 034.28 ($19,034.00 in billed

time, $428.28 in Westlaw charges, plus $460.00 for the attorney's time spent preparing the fee application and affidavit).

Third-Party Plaintiff Tufo urges this Court to deny the pending applications, or in the alternative, significantly reduce the amount awarded. First, Tufo contends that Third-Party Defendants Cella Barr and Brooks Hersey were both represented by the same counsel in this case, and that both firms performed the same type of work during the construction of the hotels that are the subject of this lawsuit. Tufo further represents that a majority of the work counsel performed in litigating this case applied to both Brooks Hersey and Cella Barr, but that counsel billed for the work as though it solely applied to each particular client rather than dividing the charges for services between the two. According to Tufo, this constitutes double billing. Furthermore, Tufo asserts that due to counsel's extensive experience, the amount of time billed for the majority of the activities performed is exorbitantly expensive.

Brooks Hersey and Cella Barr both respond that the time counsel spent defending the claims against them was entirely reasonable. Furthermore, the successful parties assert that any award of attorneys' fees against Tufo could have been easily avoided if Tufo had merely taken the time to determine if it had a cause of action against these Third Party Defendants in the first place.

**II.     DISCUSSION**

A.R.S. § 12-341.01(A) states that, "[I]n any contested action arising out of a contract, express or implied, the Court may award the successful party reasonable attorneys fees." In addition, the statute provides that the amount of attorney fees awarded to the successful party need not equal or relate to the attorney fees actually paid or contracted. A.R.S. § 12-341.01(B). The Arizona Supreme Court has acknowledged that the statute vests trial courts with broad discretion in accessing attorneys' fees. Associated Indem. Corp. v. Warner, 694 P.2d 1181, 1184 (Ariz. 1985) (citations omitted). The parties do not dispute that this action arose out of a contract, and that therefore, the requests for attorney fees are governed by A.R.S. § 12-341.01.

- 2 -

1    The Arizona Supreme Court has adopted the following six factors to help guide a court's discretion as to whether to award attorneys' fees under A.R.S. § 12-341.01: (1) The merits of the claim or defense presented by the unsuccessful party.  (2) The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.  (3) Assessing fees against the unsuccessful party would cause an extreme hardship.  (4) The successful party did not prevail with respect to all of the relief sought.  (5)The novelty of the legal question presented, and whether such claim or defense had been previously adjudicated in this jurisdiction.  (6) Whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees.  Associated Indem. Corp., 694 P.2d at 1184.  These factors weigh strongly in favor of awarding attorneys' fees to both Cella Barr and Brooks Hersey as the successful parties in this litigation.

The first factor asks the Court to consider whether Tufo's claims against Cella Barr and Brooks Hersey were meritorious.  The Court concludes that they were not.  Tufo failed to offer any evidence linking Cella Barr's or Brooks Hersey's work with the construction defects at issue in this matter.  The third and fourth factors also weigh in favor of awarding attorneys' fees. Tufo has provided no evidence that it would suffer extreme hardship if it was forced to pay attorneys' fees.  Furthermore, Cella Barr and Brooks Hersey prevailed with respect to all relief sought as summary judgment was granted in favor of them both.

Finally, as to the last factor, the Court cannot see how an award of attorneys' fees would discourage other parties with tenable claims from litigating legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees.  Contrary to discouraging the litigation of tenable claims, awarding attorneys' fees in this case would encourage litigants to make better choices about the parties they seek to hold at fault in construction defect cases. Based on the foregoing, the Court concludes that Cella Barr and Brooks Hersey are to be awarded their reasonable attorneys' fees.

1    The Ninth Circuit requires a district court to calculate an award of attorneys' fees by first calculating the lodestar. See Caudle v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate and excluding those hours that are "excessive, redundant or otherwise unnecessary." Id. at 1028; Van Gerwen v. Guarantee Mutual Life Ins. Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

Next the district court must assess whether additional considerations require it to adjust the figure. Caudle, 224 F.3d at 1028; accord Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976) (factors the court can consider in adjusting the lodestar are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases).

Having considered the aforementioned factors, the Court concludes that Cella Barr is entitled to an award of attorneys' fees in the amount of $12,851.23. Brooks Hersey is entitled to an award of attorneys' fees in the amount of $12,149.54. Therefore,

IT IS ORDERED that Cella Barr's Application for Attorneys' Fee (Doc. 453) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Brooks Hersey's Application for Attorneys' Fees (Doc. 455) is GRANTED in part and DENIED in part.

DATED this 23rd day of February, 2006.

_____
Paul G. Rosenblatt
United States District Judge