**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ESA Management, Inc., et al. | CV 02-0424-PHX-PGR |
| Plaintiffs, vs. | ORDER |
| Tufo Associates, Inc., a California corporation, et al. | |
| Defendants. | |

Pending before the Court is Third-Party Defendant Hook Engineering, Inc.'s Motion for Attorneys' Fees and Costs (Doc. 499). The Court now rules on the motion.

**I.  INTRODUCTION**

On August 9, 2005, this Court granted summary judgment in favor Third-Party Defendant Hook Engineering, Inc. ("Hook") and against the Third-Party Plaintiff Tufo Associates, Inc. ("Tufo"). Shortly thereafter, Hook filed an application for attorneys' fees pursuant to A.R.S. §12-341.01 as the successful party to a contract dispute. Hook is seeking an award of attorneys' fees in the amount of $16,334.30 ($15,874.43 in billed time plus $460.00 for the attorney's time spent preparing the fee application and affidavit).

Third-Party Plaintiff Tufo urges this Court to deny the pending application, or in the alternative, significantly reduce the amount awarded. First, Tufo contends that many of the hours billed for activities performed during the course of this litigation were excessive when

compared against the end product. Specifically, Tufo takes issue with the amount of time Hook was billed for counsel's time in preparing: (1) the Answer to the Third-Party Complaint, and (2) the motion for summary judgment and its correlating reply. Second, Tufo maintains that a review of the fee application reveals that some of the activities billed were to review materials from entities that were not parties to the case before the Court.

In response, Hook concedes that Tufo is correct in bringing to the Court's attention a minor error in the invoices attached to its motion for attorneys' fees. Hook agrees that $62.00 was mistakenly included in its invoices and should have been billed to another matter. However, Hook urges the Court to see this billing issue as it is – a minor error. Furthermore, Hook maintains that the amount of time spent by counsel in mounting a proper defense was entirely reasonable and necessary. Hook points out that Tufo's opposition gives no reason why or how less time should have been taken, but merely itemizes the different tasks undertaken by counsel and states that the hours billed are excessive and unreasonable.

**II.    DISCUSSION**

A.R.S. § 12-341.01(A) states that, "[I]n any contested action arising out of a contract, express or implied, the Court may award the successful party reasonable attorneys fees." In addition, the statute provides that the amount of attorney fees awarded to the successful party need not equal or relate to the attorney fees actually paid or contracted. A.R.S. § 12-341.01(B). The Arizona Supreme Court has acknowledged that the statute vests trial courts with broad discretion in accessing attorneys' fees. <u>Associated Indem. Corp. v. Warner</u>, 694 P.2d 1181, 1184 (Ariz. 1985) (citations omitted). The parties do not dispute that this action arose out of a contract, and that therefore, the requests for attorney fees are governed by A.R.S. § 12-341.01.

The Arizona Supreme Court has adopted the following six factors to help guide a court's discretion as to whether to award attorneys' fees under A.R.S. § 12-341.01: (1) The merits of the claim or defense presented by the unsuccessful party. (2) The litigation could have been avoided or settled and the successful party's efforts were completely superfluous

in achieving the result. (3) Assessing fees against the unsuccessful party would cause an extreme hardship. (4) The successful party did not prevail with respect to all of the relief sought. (5)The novelty of the legal question presented, and whether such claim or defense had been previously adjudicated in this jurisdiction. (6) Whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees. Associated Indem. Corp., 694 P.2d at 1184. These factors weigh strongly in favor of awarding attorneys' fees to Hook as a successful party in this litigation.

The first factor asks the Court to consider whether Tufo's claims against Hook were meritorious. The Court concludes that they were not. Tufo failed to offer any competent evidence linking Hook's work with the construction defects at issue in this matter. Second, the parties admit that settlement negotiations were attempted, but this litigation could not have been resolved short of Tufo dismissing its claims against Hook. The third and fourth factors also weigh in favor of awarding attorneys' fees. Tufo has provided no evidence that it would suffer extreme hardship if it was forced to pay attorneys' fees. In contrast, Hook has demonstrated to the Court that it is a small engineering company, and it will have to absorb approximately $16,000 in fees if the Court denies its application in full since it has a $20,000 insurance deductible. Furthermore, Hook prevailed with respect to all relief sought as summary judgment was granted in its favor.

Finally, as to the last factor, the Court cannot see how an award of attorneys' fees would discourage other parties with tenable claims from litigating legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees. Contrary to discouraging the litigation of tenable claims, awarding attorneys' fees in this case would encourage litigants to make better choices about the parties they seek to hold at fault in construction defect cases. Based on the foregoing, the Court concludes that Hook be awarded its reasonable attorneys' fees.

The Ninth Circuit requires a district court to calculate an award of attorneys' fees by first calculating the lodestar. See Caudle v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate and excluding those hours that are "excessive, redundant or otherwise unnecessary." Id. at 1028; Van Gerwen v. Guarantee Mutual Life Ins. Co., 214 F.3d 1041, 1045 (9th Cir. 2000).

Next the district court must assess whether additional considerations require it to adjust the figure. Caudle, 224 F.3d at 1028; accord Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976) (factors the court can consider in adjusting the lodestar are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases).

Having considered the aforementioned factors, the Court concludes that Hook is entitled to an award of attorneys' fees in the amount of $16,334.30. Therefore,

IT IS ORDERED that Third Party Defendant Hook Engineering, Inc.'s Motion for Attorneys' Fees and Costs (Doc. 499) is GRANTED in part and DENIED in part.

DATED this 23rd day of February, 2006.

Paul G. Rosenblatt
United States District Judge

- 4 -